**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1991**

_____

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

ALPHA ASSOCIATES,

Respondent,

versus

UNITE HERE,

Intervenor.

_____

On Petition for Enforcement of an Order of the National Labor
Relations Board.  (11-CA-19638; 11-CA-19828)

_____

Argued:  May 23, 2006            Decided:  August 18, 2006

_____

Before WILKINS, Chief Judge, DUNCAN, Circuit Judge, and Joseph R.
GOODWIN, United States District Judge for the Southern District of
West Virginia, sitting by designation.

_____

Petition granted by unpublished per curiam opinion.

_____

**ARGUED:** Stephen Clay Keim, FORD & HARRISON, L.L.P., Spartanburg, South Carolina, for Respondent. Jeffrey James Barham, NATIONAL LABOR RELATIONS BOARD, Office of the General Counsel, Washington, D.C., for Petitioner. **ON BRIEF:** Arthur F. Rosenfeld, Acting General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, David Habenstreit, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Petitioner.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The National Labor Relations Board (the Board) petitions for enforcement of its decision and order finding that Alpha Associates (Alpha) violated § 8(a)(5) of the National Labor Relations Act (the Act), 29 U.S.C.A. § 158(a)(5) (West 1998), by refusing to bargain with the Union of Needletrades, Industrial and Textile Employees (UNITE or union). For the reasons set forth below, we grant the Board's petition for enforcement.

I.

Alpha manufactures and sells fabrics and composites for use in thermal insulation and other products. In the spring of 2001, Alpha purchased a facility in North Charleston, South Carolina whose production and maintenance unit employees were represented by UNITE. On April 10, 2001, a UNITE representative informed Alpha that UNITE was the longtime representative of those employees and requested bargaining. Alpha did not respond. On July 2, UNITE filed an unfair labor practice charge alleging, in part, that Alpha was a successor employer obliged to recognize and bargain with the union. See NLRB v. Burns Int'l Sec. Servs., Inc., 406 U.S. 272, 278-81 (1972). The charge was withdrawn when Alpha advised the Board that it had "elected to recognize and bargain with [UNITE]." J.A. 86.

3

Alpha negotiated with UNITE for approximately one year. During this period, the union filed two additional unfair labor practice charges against Alpha, both of which it later withdrew. However, beginning in March 2002, Alpha laid off six employees without notice or bargaining. Despite Alpha's failure to bargain with UNITE regarding the layoffs, Alpha and UNITE continued negotiations. In July 2002, Alpha granted an unbargained wage increase. At this point, UNITE filed a fourth unfair labor practice charge, and bargaining ceased. In January 2003, UNITE filed yet another charge, this one alleging refusal to bargain.

In March 2003, the Board consolidated the charges and scheduled a hearing. Before the Board, Alpha conceded the challenged actions but argued that it had no legal obligation to negotiate with UNITE because its earlier recognition of the union was invalid. On May 31, 2005, the Board held that Alpha was "precluded [under § 10(b) of the Act, 29 U.S.C.A. § 160(b) (West 1998), and equitable estoppel principles] from challenging either the validity of its prior voluntary recognition of the Union or the appropriateness of the recognized unit." J.A. 103. The Board now petitions for enforcement of its order.

## II.

We must uphold the Board's factual findings if they are supported by substantial evidence, see 29 U.S.C.A. § 160(e) (West

4

1998); the same is true of its application of the law to the facts, see WXGI, Inc. v. NLRB, 243 F.3d 833, 840 (4th Cir. 2001).

Equitable estoppel precludes one party from asserting rights "he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity." Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 417-18 (4th Cir. 2000) (internal quotation marks omitted). In the labor context, equitable estoppel involves four elements: knowledge, intent, mistaken belief, and detrimental reliance. See Red Coats, Inc. & Local 82, Serv. Employees Int'l Union, 328 N.L.R.B. 205, 206 (1999). When, as here, the employer seeks to withdraw recognition from a union, the Board additionally considers whether "the estopped party, by its actions, has obtained a benefit." Id. at 207 (internal quotation marks omitted).

Substantial evidence supports the Board's determination that Alpha is equitably estopped from denying the validity of its recognition of the union.[*] Alpha responded to the July 2001 unfair labor practice charge by unambiguously declaring that it had "elected to recognize and bargain with [UNITE]." J.A. 86. Alpha's knowledge and intent are thus clear. It is equally clear that UNITE relied on this representation to its detriment by withdrawing the original unfair labor practice charge. And, Alpha benefitted

---

[*]Because we conclude that Alpha is equitably estopped from challenging its voluntary recognition of UNITE, we need not consider whether § 10(b) applies.

5

from its recognition of the union by avoiding a disruptive union organizing campaign or costly litigation. Alpha cannot now challenge its earlier recognition as invalid. As the Board aptly observed, "the policies of the Act are not served by allowing [Alpha] to use the process of voluntary recognition to gain a benefit, only to cast off this process when it does not achieve what it desires in negotiations." Id. at 105 (internal quotation marks & alterations omitted).

III.

For the reasons set forth above, we grant the Board's petition for enforcement.

PETITION GRANTED